# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ROBERT SCHWEINER,

        Petitioner,

v.                                                              Case No. 08-CV-1109

MICHAEL DITTMAN,

        Respondent.

_____

**ORDER**

On December 22, 2008, petitioner Robert Schweiner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a jury trial in Waukesha County Circuit Court, Schweiner was convicted of repeated sexual assault of the same child, as provided in Wis. Stat. § 948.025(1). Schweiner was sentenced to twenty years' initial confinement and twenty years' extended supervision. Schweiner is currently confined to the Kettle Moraine Correctional Institution in Plymouth, Wisconsin.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial

Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Schweiner's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it appears Schweiner's petition is timely. According to the information provided in his federal habeas petition, Schweiner's conviction became final on August 30, 2005, which was 90 days after the Wisconsin Supreme Court denied Schweiner's petition for review. Though Schweiner did not file his habeas petition within one year of that date, Schweiner's petition nonetheless appears to be timely because the time was tolled during the pendency of his post-conviction motion (filed on August 15, 2006, 15 days shy of the one year deadline for filing his habeas petition) and appeal. The Wisconsin Supreme Court denied review of his post-conviction relief motion on December 9, 2008, thus ending the tolling of his one year habeas clock, and leaving Schweiner with 15 days (until December 24, 2008) to file

a habeas petition. Because Schweiner filed his petition on December 22, 2008, two days shy of the expiration of the one year period mandated by § 2244(d)(1), it appears his petition is timely.

The court continues its Rule 4 review by examining Schweiner's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears that all the claims in Schweiner's petition are exhausted. Schweiner presents the following two claims for relief in his petition: (1) that the trial court's supplemental jury instructions failed to require the jury to find, beyond a reasonable doubt, all the facts necessary for conviction; and (2) that defense counsel's failure to object to this faulty jury instruction denied Schweiner the effective assistance of counsel. Schweiner's first claim was considered and rejected by the Wisconsin Court of Appeals, which held that the jury instructions were not erroneous. Based on this finding, the Wisconsin Court of Appeals also held that trial counsel could not be deemed ineffective for failing to object to the jury instructions. The Wisconsin Supreme Court denied Schweiner's petition for review of the Court of Appeals' ruling on these claims. Therefore, these claims appear to have been fully exhausted in state court.

The court next reviews Schweiner's petition under Rule 4 to determine whether he has procedurally defaulted on either of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A state prisoner may also procedurally default on a constitutional claim in a habeas petition by failing to raise the claim in

-4-

a manner prescribed by state procedural laws. *See Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, the court finds that Schweiner has not procedurally defaulted on his claims. Both claims were presented and considered on the merits by the Wisconsin Court of Appeals,[1] and Schweiner sought timely discretionary review in the Wisconsin Supreme Court.

The court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Schweiner's federal habeas petition. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Because it does not plainly appear Schweiner's claims are frivolous or speculative, the court will direct the respondent to file an answer to Schweiner's two claims in the petition.

**IT IS ORDERED** that the parties in this action shall proceed in accordance with the following briefing schedule:

1. Respondent shall file an answer to the claims in petitioner's petition within thirty (30) days of service thereof.

---

[1] Petitioner points out that the fact that trial counsel failed to object to the supplemental jury instruction could have provided a procedural bar to his raising this claim in his habeas action had the Wisconsin Court of Appeals relied on a theory of waiver in rejecting this claim. However, the Court of Appeals clearly decided the jury instruction claim on its merits. *See, e.g., Harris v. Reed*, 489 U.S. 255, 261-62 (1989) ("the mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: '[T]he state court must actually have relied on the procedural bar as an independent basis for its disposition of the case.'" (citation omitted)). As the Court of Appeals did not rely on petitioner's waiver of the claim as a basis for its decision, it would appear this claim is properly before the court.

-5-

2. Petitioner shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within sixty (60) days of service of respondent's answer.

3. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's brief, or within one hundred and twenty (120) days from the date of this order if no brief is filed by petitioner.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge