UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT A. SCHWEINER,

        Petitioner,

    v.                                      Case No. 08-C-1109

MICHAEL A. DITTMAN, Warden,

        Respondent.

**DECISION AND ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS**

## I. PROCEDURAL BACKGROUND

On December 22, 2008, the petitioner, Robert A. Schweiner ("Schweiner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition, on June 12, 2003, Schweiner was convicted of repeated sexual assault of a child, in violation of Wis. Stat. § 948.025(1). He was sentenced to serve 40 years incarceration, with 20 years initial confinement and 20 years extended supervision. On March 30, 2005, the Wisconsin Court of Appeals affirmed his conviction. On June 1, 2005, the Wisconsin Supreme Court denied his petition for review.

On August 15, 2006, Schwiener filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06. This motion was denied by the circuit court on January 12, 2007, and on September 10, 2008, the court of appeals affirmed the circuit court's order. On December 9, 2008, the Wisconsin Supreme Court denied Schweiner's petition for review. Thereafter, as previously stated, on December 22, 2008, Schweiner filed his federal habeas corpus petition.

Schweiner's petition presents two claims. First, he claims that the jury instructions failed to require the jury to find all facts necessary for conviction beyond a reasonable doubt. Relatedly, he also claims that trial counsel's failure to object to the alleged defective jury instructions denied him the

effective assistance of counsel. The parties have now fully briefed the issues raised in Schweiner's petition. For the reasons that follow, Schweiner's petition for a writ of habeas corpus will be denied.

## II. FACTUAL BACKGROUND

The underlying facts in this case that set the stage for the issues raised in Schweiner's habeas petition are found in the two Wisconsin Court of Appeals decisions.

> Schweiner was charged with sexual assaults committed in July and August 2002 against thirteen-year-old Danielle D. Schweiner was a friend of Danielle's mother. On several occasions he drove Danielle and her friends to a quarry in Waukesha to swim. Danielle testified that on one visit to the quarry, Schweiner removed her swimsuit bottom and inserted two fingers into her vagina. Schweiner would repeatedly launch Danielle and her friends into the water. Danielle indicated that Schweiner would touch her buttocks or vagina as he tossed her into the water. Danielle also testified that one time at his apartment Schweiner asked Danielle to touch his erect penis with her hand and masturbate him.

(Ct. App. Dec. March 30, 2005, ¶ 2) (footnote omitted.)

> At trial, the primary witness against Schweiner was Danielle. She testified that on several occasions between July 1, 2002 and August 8, 2002, Schweiner drove her and one or two friends to a quarry in Waukesha county to swim. Danielle testified that the first time Schwiener took her and her friend, Mark, to the quarry, he repeatedly threw them up into the water. Danielle indicated that Schweiner threw her using a different method than he used to toss her friends, and that it was different from that she had experienced when her father or uncles launched her into the water at times that they went swimming.
>
> Specifically, Danielle testified that when Schweiner was throwing her up, "it kind of felt like he was feeling up on my bootie," which she defined as her "butt." She indicated that Schweiner's hand squeezed and rubbed when it was on her butt, and that his hand would go down between her legs. She testified that it felt like Schweiner's hand would "kind of go like towards the front," meaning "like towards my, umm, vagina." Danielle indicated that Schweiner threw her up multiple times, and that the uncomfortable touching she described happened "mostly" every time he threw her in the air. On cross-examination, the following colloquy occurred:
>
>> Q. How many times did Mr. Schweiner touch your butt when he'd pick you up and toss you? Every time?
>>
>> A. Yes.

2

> Q. How many times would Mr. Schweiner touch your vaginal area when he'd pick you up and toss you? Every time?
>
> A. Mostly.
>
> Danielle testified that on a subsequent visit to the quarry, Schweiner removed her swimsuit bottom, pulled her towards him by the ankle, and inserted two fingers into her vagina. Danielle also testified that at his apartment in August 2002, Schweiner asked Danielle to touch his penis with her hand and masturbate him, which she did.

(Ct. App. Dec. Sept. 10, 2008, ¶¶ 6-8.)

The jury was instructed on the offense of repeated sexual assault of the same child. In addition, because of the possibility that the jury would find that Schweiner had sexual contact with Danielle fewer than three times, it was also instructed on the lesser-included offense of second-degree sexual assault. In instructing on the lesser-included offense, the trial court stated in part:

> [I]f you are satisfied beyond a reasonable doubt that the defendant committed one or two sexual assaults of Danielle but not three, you should find the defendant guilty of the lesser included offense of second degree sexual assault of a child . . . Of the lesser included offense of second degree sexual assault of a child, you should consider each alleged contact separately. Before you may find the defendant guilty of the lesser included offense, the State must prove by evidence that satisfies you beyond a reasonable doubt that:
>
> One, the defendant had sexual contact by an intentional touching by the defendant of the buttocks of Danielle . . . Or, number two, that the defendant had sexual contact by intentionally touching by the defendant of the vagina of Danielle . . . . Or, three, that the defendant had sexual contact by intentionally touching by Danielle of his penis.

(Ct. App. Dec. Sept. 10, 2008, ¶ 10.)

The trial court submitted three separate special verdicts, one for finding Schweiner not guilty, one for finding him guilty of the repeated sexual assault of the same child, and the third for the lesser-included offense of second-degree sexual assault.

After deliberations began, the trial court summoned the parties and informed them that the jury had two questions. It stated:

3

> The first question says: On page two of form 2107—meaning of sexual contact—would the touching of the buttocks or vagina constitute one or two separate charges towards three sexual assaults.
>
> The second question: If we all agree to three of the four charges of the second degree form, does this constitute three sexual assaults and become repeated acts of sexual assault of a child.

(*Id.* ¶ 12.)

After inviting objections and receiving none, the trial court gave the following supplementary instruction:

> If the State proved beyond a reasonable doubt that the defendant touched the buttocks of Danielle and that she was under 16 and that it was done with intent to become sexually aroused or gratified, that is one contact. If the State proved beyond a reasonable doubt that the defendant touched the vagina of Danielle on the first occasion and that she was under 16 and that it was done to become sexually aroused or gratified, that is a second contact. If the State proved beyond a reasonable doubt that the defendant touched the vagina of Danielle on the second occasion and that she was under 16 and that it was done with intent to become sexually aroused or gratified, that is a third contact. If the State proved beyond a reasonable doubt that the defendant intentionally caused or allowed Danielle to do the touching of – touching of the penis of the defendant . . . . And that Danielle was under 16 at the time and that it was done with intent to become sexually aroused or gratified, that is a fourth contact.
>
> It is for you to decide if there were no contacts, as I have defined that, or one contact or two contacts or three contacts or four contacts. If you find three or more contacts, as I have defined them, and you find that three or more occurred within the specified time frame, that makes up the offense of repeated acts of sexual assault of a child.

(*Id.* ¶ 13.)

Approximately thirteen minutes after the trial court gave the supplemental instruction, the jury returned its verdict finding Schweiner guilty of the repeated sexual assault of Danielle.

Schweiner was tried on a charge of violating Wis. Stat. § 948.025(1) which, at the time, provided that "[w]hoever commits 3 or more violations under s. 948.02(1) or (2) within a specified period of time involving the same child is guilty" of a Class B felony. Thus, conviction under that statute required a jury to find beyond a reasonable doubt that Schweiner committed three separate

4

sexual assaults against Danielle during the specified time period. In support of his habeas petition Schweiner argues (as he did in state court) that "[b]ecause the trial court's supplemental instructions in response to a jury question permitted conviction based on a finding of only two separate violations, [he] was denied the 'right to a jury verdict.'" (Pet'r's Am. Br. at 11.). Furthermore, because his trial counsel failed to object to the claimed erroneous instructions, he claims that he was denied his constitutional right to effective assistance of counsel.

### III. STANDARD OF REVIEW

In a habeas corpus proceeding under 28 U.S.C. § 2254, a successful petitioner must demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). For claims actually "adjudicated on the merits in State court proceedings," the statute commands that the federal habeas court undertake a limited review. *Id.* § 2254(d). The federal habeas court evaluates the record to discern only whether the state court's adjudication of the claim (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," *id.* § 2254(d)(1), or (2) "was based on an unreasonable determination of the facts in light of the evidence presented," *id.* § 2254(d)(2), *see also McGee v. Bartow*, 593 F.3d 556, 571-72 (7th Cir. 2010). Unreasonableness is a high bar in this context: "[a] state court's decision is 'unreasonable' within the meaning of § 2254(d)(1) only if it is 'so erroneous as to be objectively unreasonable' and 'well outside the boundaries of permissible differences of opinion.'" *Bennett v. Gaetz*, 592 F.3d 786, 790 (7th Cir. 2010) (quoting *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)).

Furthermore, federal habeas corpus relief cannot be granted when there have been only errors under state law. *See Milone v. Camp*, 22 F.3d 693, 698 (7th Cir. 1994). "The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's

5

errors have deprived the petitioner of a right under federal law can the federal court intervene." *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004). Thus, "[b]ecause a state trial court's evidentiary rulings and jury instructions turn on state law, these are matters that are usually beyond the scope of federal habeas review." *Id*.

## IV. DISCUSSION

The first attack that the respondent mounts against Schweiner's habeas petition is that he is complaining about a violation of state law, a matter which is generally not cognizable on habeas review. *See, e.g. Estelle v McGuire*, 502 U.S. 62, 67-68 (1991). The respondent is correct that errors of state law generally are beyond the reach of federal habeas review. However, if a state court's error in applying state law is so prejudicial that it violates a petitioner's Fourteenth Amendment due process right to a fundamentally fair trial, creating the likelihood that an innocent person was convicted, the petitioner may have a cognizable claim. *See Perruquet v. Briley*, 390 F.3d 505, 510, 511-12 (7th Cir. 2004).

The respondent argues that "[t]he Wisconsin Court of Appeals concluded that no instructional error resulted from the trial court's failure to instruct the jury as Schweiner now argues it should have. This court is bound by the state court's determination that the instruction Schweiner claims was a constitutional imperative was unnecessary under state law; and thus ends the inquiry." (Resp't's Br. at 12) (internal citations omitted.)

Not so, says Schweiner. He argues that

> the constitutional violation at issue here rests, not on some alleged violation of state law or asserted insufficiency of the evidence, but upon the fact that the jury instructions did not *require* the jury to find all facts necessary for conviction. That is, by allowing the jury to convict Schweiner of repeated sexual assault of the same child based upon the simultaneous touching of Danielle's buttocks and vagina and only one other sexual contact, those instructions did not *require* the jury to find proof beyond a reasonable doubt that Schweiner in fact committed three separate sexual assaults as is required for conviction under Wis. Stat. § 948.025(1).

6

(Reply Br. at 1-2.)

According to Schweiner,

> The jury, in other words, could have found reasonable doubt concerning either the second alleged vagina touching or the touching of Schweiner's penis and still would have been required to convict under the supplemental instruction. Nothing in those instructions required that the jury find that the alleged touching of the vagina and buttocks not be simultaneous.

(Pet'r's Am. Br. 17.)

Further expanding on his argument, Schweiner asserts the following:

> [I]t is the trial court's failure to advise the jury regarding Wisconsin law concerning simultaneous or near-simultaneous touchings that gave rise to the constitutional violation here. The evidence clearly allowed a reasonable conclusion by the jury that any touchings when Danielle was tossed into the water would be simultaneous or nearly so. The supplemental instruction, moreover, expressly advised the jury that touching Danielle's vagina would be a separate offense from touching her buttocks. Yet, the instructions failed to make clear that, under Wisconsin law, any such simultaneous or near-simultaneous touching could constitute only a single sexual assault. The absence of any instruction on simultaneous touching thus cannot rationally nullify the constitutional violation; it establishes such a violation.

(Reply Br. at 3) (internal citations omitted.)

In *Carella v. California*, 491 U.S. 263 (1989), the Supreme Court stated:

> The Due Process Clause of the Fourteenth Amendment denies States the power to deprive the accused of liberty unless the prosecution proves beyond a reasonable doubt every element of the charged offense. Jury instructions relieving States of this burden violate a defendant's due process rights.

*Carella*, 491 U.S. at 265 (internal citations omitted).

Even assuming that Schweiner's claim is not one that is based on a violation of state law, but rather is based on a claimed violation of due process, the question that must be addressed is whether the jury instructions did indeed relieve the State from proving beyond a reasonable doubt that Schweiner committed three separate sexual assaults. Even more to the point in this federal habeas proceeding, the question that must be answered is whether the Wisconsin Court of Appeals' finding

7

that the jury instructions did not "indicate[] to the jury that the *simultaneous* touching of Danielle's buttocks and vagina would constitute two acts of sexual contact," (Ct. App. Dec. Sept. 10, 2008, ¶ 17), was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented," 28 U.S.C. § 2254(d)(1) and (2). I am satisfied that the state court of appeals' ruling was neither contrary to, nor involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court, nor was based on an unreasonable determination of the facts in light of the evidence presented.

In addressing the heart of Schweiner's argument the court of appeals stated:

> Although we agree that the supplemental instruction could have been clearer, we do not agree that it indicated to the jury that the *simultaneous* touching of Danielle's buttocks and vagina would constitute two acts of sexual contact. The trial court did not refer to simultaneous touching, nor do we read the prosecutor's opening or closing statements as arguing that Schweiner's simultaneous touching of Danielle's buttocks and vagina could constitute two separate assaults. Most importantly, Danielle's testimony indicated that when he tossed her, Schweiner's hand would rub and squeeze on her buttocks, and would then "kind of go like towards the front," referring to her vagina. This evidence indicates that even if both contacts occurred within the context of a single toss, Schweiner engaged in two separate volitional acts, including a conscious decision to squeeze and rub Danielle's buttocks with his hand, and a conscious decision to move his hand forward to touch her vagina before tossing her.
>
> The issue of whether a defendant's sexually assaultive course of conduct constitutes a single offense or separate and distinct offenses was discussed in *Harrell v. State,* 88 Wis. 2d 546, 277 N.W.2d 462 (Ct. App. 1979), and *State v. Eisch*, 96 Wis. 2d 25, 291 N.W.2d 800 (1980). The issue is whether the acts committed by the defendant "are so significantly different in fact that they may properly be denominated separate crimes although each would furnish a factual underpinning or a substitute legal element for the violation of the same statute." *Eisch*, 96 Wis.2d at 34.
>
> "If at the scene of the crime the defendant can be said to have realized that he has come to a fork in the road, and nevertheless decides to invade a different interest, then his successive intentions make him subject to cumulative punishment." *Harrell*, 88 Wis.2d at 558. Factors to aid in determining whether a defendant has come to a "fork in the road" include the nature of the act, time, place, intent, cumulative punishment and number of victims. *Id*. at 572. The "different nature" inquiry is not

8

> limited to an assessment of whether the acts are different types of acts. *State v. Koller*, 2001 WI App 253, ¶ 31, 248 Wis. 2d 259, 635 N.W.2d 838, *modified by State v. Schaefer*, 2003 WI App 164, ¶¶ 46, 47, 52, 266 Wis. 2d 719, 668 N.W.2d 760. Even the same types of acts are different in nature if each requires a new volitional departure in the defendant's course of conduct. *Id*. Moreover, while time is an important factor, even a brief period separating acts may be sufficient if the facts indicate that the defendant had sufficient time between the acts to again commit himself. *Id*. The fact that the interval is merely minutes or even seconds is not the solely determinative factor. *Harrell*, 88 Wis.2d at 572.
>
> Here, the first alleged assaults occurred at the quarry and involved the same victim, Danielle. However, Danielle's testimony permitted a finding that even within the context of one toss, two separate acts of sexual contact occurred, one consisting of hand-to-buttocks contact and one consisting of hand-to-vagina contact. The nature of the acts were different and, even assuming that both acts happened quickly, Danielle's testimony supports a conclusion that each discrete act required reflection and conscious deliberation on the part of Schweiner, followed by his execution of the choice to move his hand forward from her buttocks to her vagina. Because a jury could find that the acts were different in nature and involved a separate volitional choice by him, the jury could also find that Schweiner's decision to touch Danielle's buttocks, followed by his decision to touch her vagina, even within the context of a single toss at the quarry, constituted two separate sexual assaults.

(Ct. App. Dec. Sept. 10, 2008, ¶¶ 17-20.)

I view the jury supplementary instruction as making clear that the jury could, but was *not* required to, view the single-toss/hand-to-buttock touching and the hand-to-vagina touching as separate sexual assaults. To be sure, Schweiner argues that "[b]y allowing the jury to convict based on the *simultaneous touching* of Danielle's buttocks and vagina and only one additional sexual contact, the instructions thus failed to require proof beyond a reasonable doubt of all facts necessary for conviction under § 948.025(1), which requires three separate sexual assaults." (Pet'r's Am. Br. at 18) (emphasis provided.) But, Schweiner's argument seems to *assume* that the single toss/two touching event was one sexual assault; that is, that the two touchings during the single toss were simultaneous.

First of all, that assumption may not be factually correct. The jury was entitled to view those touchings as being separate from one another. Secondly, if the underpinnings of that assumption are based on the case of *State v. Hirsch*, 140 Wis. 2d 468, 410 N.W.2d 638 (Ct. App. 1987), then it seems

9

to me that Schweiner's claim is indeed based on a violation of state law. At its heart, Schweiner's argument seems to be that the trial court failed to adequately explain the contours of Wisconsin law as to when a series of events are simultaneous or when they are divisible into separate volitional acts. But, such an argument necessarily is predicated on those Wisconsin state court cases that address the difference between separate crimes and the subordinate parts or components of the same crime. As such, it logically follows that Schweiner's claim for relief is predicated on a violation of state law, which, as previously stated, cannot provide a basis for federal habeas corpus relief unless the petitioner was deprived us his due process right to a fundamentally fair trial. In light of the evidence here, the supplemental jury instruction did not render Schweiner's trial so fundamentally unfair as to constitute a denial of a federally recognized right.

Moreover, the jury instruction did not expressly tell the jury that it should treat the touching of Danielle's buttocks on "the first occasion" and the touching of her vagina on "the first occasion" as separate touchings. To the contrary, in its supplemental instruction the trial court did not limit the jury's consideration of the touching of Danielle's buttocks to "the first occasion." And there was plenty of evidence in the record that Schweiner touched Danielle's buttocks on many occasions, not just on "the first occasion." To reiterate, and as the court of appeals noted,

> Danielle testified that when Schweiner was throwing her up, "it kind of felt like he was feeling up on my bootie," which she defined as her "butt." She indicated that Schweiner's hand squeezed and rubbed when it was on her butt, and that his hand would go down between her legs. She testified that it felt like Schweiner's hand would "kind of go like towards the front," meaning "like towards my, umm, vagina." Danielle indicated that Schweiner threw her up multiple times, and that the uncomfortable touching she described happened "mostly" every time he threw her in the air. On cross-examination, the following colloquy occurred:
>
> Q. How many times did Mr. Schweiner touch your butt when he'd pick you up and toss you? Every time?
>
> A. Yes.

10

> Q. How many times would Mr. Schweiner touch your vaginal area when he'd pick you up and toss you? Every time?
>
> A. Mostly.

(Ct. App. Dec. Sept. 10, 2008, ¶¶ 7-8.) Therefore, it cannot be said that any omission of pertinent Wisconsin law had a "substantial and injurious effect or influence in determining the jury's verdict," which is the standard applicable in federal habeas proceedings challenging state court convictions. *See Aleman v. Sternes*, 320 F.3d 687, 690 (7th Cir. 2003) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

In the end, and for the reasons set forth above, I am not persuaded that Schweiner is entitled to federal habeas corpus relief. Simply stated, I am not persuaded that the Wisconsin Court of Appeals' adjudication of his claim was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254 (d)(1) and (d)(2). Because I find that there was no underlying constitutional violation, it necessarily follows that Schweiner's ineffective assistance counsel claim must also be rejected.

In conclusion, and for the foregoing reasons, Schweiner's claims for federal habeas corpus relief will be denied and his petition for a writ of habeas corpus will be dismissed.

There is one final matter to address. The recently amended provisions of Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, as follows:

> a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Under 28 U.S.C. § 2253(c), a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court of appeals has held that this standard differs only in scope from the certificate of probable cause standard that was previously developed and applied by the courts. *See Herrera v. United States*, 96 F.3d 1010, 1012 (7th Cir. 1996). The *Herrera* court said that "a certificate of probable cause places the *case* before the court of appeals, but a certificate of appealability must identify each *issue* meeting the 'substantial showing' standard." *Id*. (emphasis added). Thus, for the court to issue a certificate of appealability to Schweiner, it must identify for the court of appeals the issues that are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (emphasis added) (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)). This test was reiterated in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), *rev'd on other grounds, Miller-El v. Dretke*, 545 U.S. 231 (2005).

> Consistent with our prior precedent and the text of the habeas corpus statute, we reiterate that a prisoner seeking a COA need only demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

*Id.* at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In my opinion, and for the reasons set forth in this decision denying Schweiner's habeas corpus petition, none of Schweiner's claims warrants a certificate of appealability. Put simply, the petitioner has not demonstrated "a substantial showing of the denial of a constitutional right" by demonstrating either that jurists of reason could disagree with this court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Consequently, the court will deny Schweiner a certificate of appealability. Of course,

Schweiner retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW THEREFORE IT IS ORDERED** that Schweiner's claims for federal habeas corpus relief be and hereby are **DENIED**;

**IT IS FURTHER ORDERED** that Schweiner's petition for a writ of habeas corpus be and hereby is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**SO ORDERED** this 1st day of October 2010 at Milwaukee, Wisconsin.

          **BY THE COURT:**

          s/ William E. Callahan, Jr.
          WILLIAM E. CALLAHAN, JR.
          United States Magistrate Judge